IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-40204
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

TEDERA D. GRAVES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1419-1
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tedera D. Graves appeals the 78-month sentence imposed following his guilty-plea conviction for possession with intent to distribute in excess of 1000 kilograms of marijuana.  Graves's contentions are raised for the first time on appeal and are reviewed for plain error only.  United States v. Rodriguez, 15 F.3d 408, 414-15 (5th Cir. 1994).

Graves argues that the district court plainly erred by failing to grant him a sentence reduction pursuant to the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  A defendant eligible for safety-valve relief must not have more than one criminal history point. § 3553(f); § 5C1.2(a)(1).  Graves had three criminal history points based on his prior drug conviction and his commission of the instant offense while on probation for the prior drug offense.  As such, Graves is ineligible for safety valve

relief, and the district court did not commit error, plain or otherwise, by failing to grant Graves such relief.

Graves contends that he stipulated only that testimony provided by the Government would establish that his offense involved a specific drug quantity. He asserts that because he did not stipulate that such testimony was true, the district court plainly erred by sentencing him in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), based on facts that were not submitted to a jury and proven beyond a reasonable doubt.

Graves stipulated to possessing 734 kilograms of marijuana, and his sentence was based on that admitted fact. Graves's claim that he stipulated only that the testimony would reveal that his offense involved 734 kilograms of marijuana is refuted by the record. The quantity of drugs attributed to Graves does not implicate

the holdings in <u>Apprendi</u> and <u>United States v. Booker</u>,
543 U.S. 220 (2005).  The district court did not commit
error, plain or otherwise.

AFFIRMED.